**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Macario Templo Ortiz, Yadira Gomez Camacho, on behalf of themselves and all other persons similarly situated, | CASE NO. _____ |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | **COLLECTIVE ACTION** |
| ABC Corp. d/b/a Saranrom Thai, Timun Doe and Stephania Doe, | |
| Defendants. | |

Plaintiffs Macario Templo Ortiz, Yadira Gomez Camacho, by and through their undersigned attorneys, for their complaint against defendants ABC Corp. d/b/a Saranrom Thai, Timun Doe, Stephania Doe, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Macario Templo Ortiz, Yadira Gomez Camacho, on behalf of themselves and all other persons similarly situated,, current and former employees of defendants ABC Corp. d/b/a Saranrom Thai, Timun Doe and Stephania Doe, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these

violations; and (v) statutory damages for the defendants'
violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Macario Templo Ortiz, is an adult
individual residing in Queens, New York.

4.   Plaintiff Yadira Gomez Camacho, is an adult
individual residing in the Bronx, New York.

5.   Mr. Ortiz consents in writing to be a party to this
action pursuant to 29 U.S.C. § 216(b).

6.   Ms. Camacho consents in writing to be a party to
this action pursuant to 29 U.S.C. § 216(b).

7.   Defendant ABC Corp. d/b/a Saranrom Thai, is a
domestic business corporation organized under the law of the
State of New York with a principal place of business at 8110
Broadway, Elmhurst, New York, 11373.

8.   Defendant ABC Corp. d/b/a Saranrom Thai, owns and
operates a Thai restaurant located at 8110 Broadway,
Elmhurst, New York, 11373.

9.   At all relevant times, defendant ABC Corp. d/b/a
Saranrom Thai was an employer engaged in interstate commerce
and/or the production of goods for commerce within the meaning
of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.   At all relevant times, defendant ABC Corp. d/b/a
Saranrom Thai has been and continues to be an employer engaged

in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11.   Upon information and belief, at all relevant times, defendant ABC Corp. d/b/a Saranrom Thai, has had gross revenues in excess of $500,000.00.

12.   Upon information and belief, at all relevant times herein, defendant ABC Corp. d/b/a Saranrom Thai has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13.   Defendant Timun Doe is an owner or part owner and principal of ABC Corp. d/b/a Saranrom Thai, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.   At all relevant times, Defendant Timun Doe was involved in the day-to-day operations of ABC Corp. d/b/a Saranrom Thai and played an active role in managing the business.

15.   Defendant Stephania Doe is an owner or part owner and principal of ABC Corp. d/b/a Saranrom Thai, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

4

16. At all relevant times, Defendant Stephania Doe was involved in the day-to-day operations of ABC Corp. d/b/a Saranrom Thai and played an active role in managing the business.

17. Defendants each constituted an "employer" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

<u>**JURISDICTION AND VENUE**</u>

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

20. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 17, 2021, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid

statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

22. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

23. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

24. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

25. At all relevant times herein, the defendants owned and operated ABC Corp. d/b/a Saranrom Thai, a Thai restaurant in Queens, New York.

26.  Plaintiff Macario Templo Ortiz was employed at ABC Corp. d/b/a Saranrom Thai, from approximately April 15, 2022, until July, 2023.

27.  Mr. Ortiz was employed as a dishwasher, delivery man, food preparer, and cleaning the basement and the kitchen at the end of the day.  Mr. Ortiz also bought products and supplies for the kitchen during the work day using his motorcycle.

28.  Mr. Ortiz's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

29.  At all relevant times herein, Mr. Ortiz was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

30.  From April 15, 2022 through December 15, 2022, Mr. Ortiz worked a regular schedule of six or seven days per week, from 11:00 am until 11:30 pm daily, Monday through Sunday; when he worked 6 days he was off either Sunday or Monday.

31.  During those first 8 months of his employment by the defendants, Mr. Ortiz worked 7 days per week 50% of the time and 6 days per week 50% of the time.

32.  As a result, he was working approximately 87.5 hours per week when he worked 7 days per week, and 75 hours per week when he worked 6 days per week during that period of his employment by the defendant.

33.  From January 1st, 2023 to July 2023 Mr. Ortiz worked a regular schedule five days per week, from 11:00 am until 11:30 pm, Monday to Friday, with Saturday and Sunday off.

34.  As a result, he was working approximately 62.5 hours per week during that period of his employment by the defendants.

35.  Mr. Ortiz was paid weekly in cash at the rate of $120 per day on his first schedule and had a raise to $130 per day from his second schedule, throughout his employment by Defendant.

36.  Plaintiff Yadira Gomez Camacho was employed at ABC Corp. d/b/a Saranrom Thai from approximately September 2022, through May 2023.

37.  Ms. Camacho was employed as an appetizer preparer.

38.  Ms. Camacho's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

39.  At all relevant times herein, Ms. Camacho was an employee engaged in commerce and/or in the production of goods

for commerce, as defined in the FLSA and its implementing regulations.

40.  From September 2022 through April 2023, Ms. Camacho worked a regular schedule of six to seven days per week, from 11:00 am until 10:00 pm daily.

41.  Ms. Camacho worked 7 days per week 50% of the time and 6 days per week 50% of the time during her employment by the defendants.

42.  As a result, Ms. Camacho was working approximately 77 hour per week when she worked 7 days per week and 66 hours per week when she worked 6 days per week during her employment by Defendant.

43.  Ms. Camacho was paid weekly in cash, at the rate of $120 per day with an increase to $130 per day in December 2022, throughout her employment by Defendants.

44.  Each of the plaintiffs received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

45.  As a result, Plaintiffs' effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

46.  Defendants' failure to pay each Plaintiff an amount at least equal to the New York City minimum wage in effect

during relevant time periods was willful, and lacked a good faith basis.

47.   Plaintiffs have each been paid in cash throughout their employment by the defendants, and received no paystubs or wage statements of any sort with their pay.

48.   In addition, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

49.   Defendants' failure to pay each Plaintiff the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

50.   Defendants also failed to pay Plaintiffs an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

51.   Defendants failed to provide each Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each

plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

52. Defendants failed to provide each plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

53. Upon information and belief, throughout both periods of each plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the "Collective Action Members") in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

54. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

55. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

56. Upon information and belief, these other individuals have worked in excess of forty hours per week,

yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

57. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

58. Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

59. Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

60. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61.   At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62.   Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64.   Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

65.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, the defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

67. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

68. As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

70. Due to the defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

71.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72.  At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.  Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

74.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75.  Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

15

**<u>COUNT IV</u>**

**<u>(NEW YORK LABOR LAW – SPREAD OF HOURS)</u>**

76.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

77.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78.   Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

79.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

80.   Due to Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

81. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

82. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

84. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

85. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants

statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

86. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.  A  declaratory  judgment  that  the  practices  complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An  injunction  against  the  defendants  and  their officers,  agents,  successors,  employees, representatives,  and  any  and  all  persons  acting in  concert  with  them,  as  provided  by  law,  from engaging  in  each  of  the  unlawful  practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the  statutory  overtime  rate,  due  under  the  FLSA and the New York Labor Law;

e.  Compensatory  damages  for  failure  to  pay  the minimum wage pursuant to New York Labor Law;

f.  Compensatory  damages  for  failure  to  pay  the "spread  of  hours"  compensation  pursuant  to  New York Labor Law;

g.  An  award  of  liquidated  damages  as  a  result  of defendants' willful failure to pay the statutory minimum  wage,  overtime,  and  "spread  of  hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

    i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

    j.  Back pay;

    k.  Punitive damages;

    l.  An award of prejudgment and postjudgment interest;

    m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    n.  Such other, further, and different relief as this Court deems just and proper.


Dated: January 17, 2024

> */s/ Michael Samuel*
> Michael Samuel (MS 7997)
> THE SAMUEL LAW FIRM
> 1441 Broadway
> Suite 6085
> New York, New York 10018
> (212) 563-9884
> Attorneys for Plaintiff,
> *Individually and on behalf of an*
> *FLSA collective action*